# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **DESIREE JUSTUS,** | : | |
| 7 Earl Street | : | |
| Glouster, OH 45732 | : | Case No. 2:21-cv-2270 |
| | : | |
| **Plaintiff, for herself** | : | JUDGE |
| **and all others similarly situated,** | : | |
| | : | MAGISTRATE JUDGE |
| v. | : | |
| | : | **Jury Demand Endorsed Hereon** |
| **NINA'S HEALTH CARE SERVICES,** | : | |
| **LLC,** | : | |
| c/o Registered Agent: Grace Fongod | : | |
| 6455 East Livingston Ave | : | |
| Reynoldsburg, OH 43068 | : | |
| | : | |
| and | : | |
| | : | |
| **GRACE FONGOD,** | : | |
| 6455 East Livingston Ave | : | |
| Reynoldsburg, OH 43068 | : | |
| | : | |
| **Defendants.** | : | |

## COLLECTIVE ACTION COMPLAINT

NOW COMES Plaintiff Desiree Justus ("Plaintiff"), on behalf of herself and others similarly situated, and proffers this Complaint for damages against Defendants Nina's Health Care Services, LLC and Grace Fongod ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.* and the Ohio Minimum Fair Wage Standards Act, O.R.C. Chapter 4111 ("Chapter 4111").

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, which provides for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure damages and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio and common law pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Defendants are doing and have done substantial business in the Southern District of Ohio and Plaintiff worked in and resides in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Desiree Justus is an individual and a resident of the state of Ohio. Plaintiff resides in Athens County, Ohio.

6. Defendant Nina's Health Care Services, LLC is an Ohio limited liability company registered to do business in Ohio and conducting business in the Southern District of Ohio.

7. Defendant Grace Fongod is an individual and resident of the state of Ohio.

8. Upon information and belief, Defendant Fongod owns, in whole or in part, Defendant Nina's Health Care Services, LLC.

9. Defendant Fongod is responsible for Nina's Health Care Services, LLC business operations, including payroll policies and procedures.

10. At all times relevant herein, Plaintiff has been an employee of Defendants as defined in the FLSA and O.R.C. Chapter 4111.

11. Defendants are and have been "employers" as that term is defined by the FLSA and O.R.C. Chapter 4111.

12. At all times relevant to this action, Defendants have been engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

13. Upon information and belief, Defendants' employees were engaged in interstate commerce and Defendants have an annual gross volume of sales and/or business in an amount not less than $500,000.00.

14. Plaintiff brings this action on her own behalf and on behalf of those similarly situated, and Plaintiff has given written consent to bring this action to collect unpaid overtime and other compensation under the FLSA. The consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b).  (Attached as Exhibit A).

## FACTUAL BACKGROUND

**A.     Defendant's Pay Practices**

15. Defendant Nina's Health Care Services, LLC is in the business of providing home healthcare services to individuals in Ohio and California.

16. Defendants' primary business office is located in Reynoldsburg, Ohio.

17. Defendants employ Home Health Aides, who provide home healthcare services to Defendants' clients.

18. Defendants pay their Home Health Aides on an hourly basis.

19. Upon information and belief, Home Health Aides regularly work more than 40 hours per workweek.

20. Defendants do not pay Home Health Aides overtime premium at a rate of one and one-half times their regular rates of pay for hours worked in excess of 40.

21. Rather, Defendants compensate Home Health Aides at a rate of one and one-half times *minimum wage* for hours worked in excess of 40 per workweek.

22. Upon information and belief, Defendant Fongod makes the decisions related to Defendants' payroll policies and practices described herein.

**B.  Named Plaintiff's Employment Experience**

23. Plaintiff Desiree Justus began her employment with Defendants in or around August 2018 in the position of Home Health Aide.

24. At all times relevant herein, Plaintiff was paid on an hourly basis.

25. Throughout her employment, Plaintiff's regular rate of pay was $11.00 per hour.

26. Plaintiff has worked more than 40 hours in a workweek during her employment with Defendants.

27. However, Plaintiff was not paid overtime compensation at a rate of one and one-half times her regular rate of pay for all hours worked in excess of 40 in a workweek.

28. Instead, Defendants paid Plaintiff one and one-half times the minimum wage rate for hours worked in excess of 40 per workweek.

29. When Plaintiff received her paystub for the pay period of December 22, 2019 through January 4, 2020, she noticed that she was paid her overtime hours at Ohio's 2020 minimum wage rate.

30. Plaintiff complained to Defendants' office manager, Amy LNU that her pay was incorrect, and that her overtime hours should be paid at one and one-half times her regular rate of pay -- $11.00 per hour.

31. Amy LNU informed Plaintiff that her pay was correct, and that this was the way Defendants paid overtime to its hourly employees.

32. Defendants refused to pay Plaintiff and its other hourly-paid in accordance with the FLSA and Ohio law.

## COUNT I
### FLSA Collective Action, 29 U.S.C. §201, *et seq*. - Failure to Pay Overtime

33. All of the preceding paragraphs are realleged as if fully rewritten herein.

34. Plaintiff brings her FLSA claim pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of herself and all other Similarly Situated Persons ("SSPs") of the opt-in class, which includes:

> All current and former hourly-paid employees of Defendants who, during the past three (3) years, did not receive overtime payment at a rate of one and one-half times their regular rate of pay for all hours worked in a workweek in excess of 40.

35. Plaintiff and the SSPs were subject to the same payroll policies and practices. Specifically, Plaintiff and the SSPs were not paid an overtime premium at a rate of one and one-half their respective regular rates of pay for hours worked in excess of 40 during a workweek.

36. This action is brought as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for overtime compensation withheld in violation of the FLSA. Plaintiff is representative of all SSPs and is acting on behalf of others' interests as well as her own in bringing this action.

37. These SSPs are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action, and permitted to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, interest, attorneys' fees and costs under the FLSA.

38. In addition to Plaintiff, numerous SSPs have been denied proper overtime compensation due to Defendants' company-wide refusal to correctly pay overtime compensation.

39. Plaintiff and the SSPs were paid on an hourly basis.

40. Plaintiff and the SSPs were non-exempt employees.

41. Plaintiff and the SSPs worked more than 40 hours per week.

42. Plaintiff and the SSPs were not paid the correct overtime premium for all hours worked in excess of 40 in each workweek.

43. Defendants were aware that Plaintiff and the SSPs regularly worked more than 40 hours per workweek, but were not receiving overtime compensation at a rate of one and one-half times their regular rate of pay for hours worked in excess of 40 per week.

44. Defendants' violation of the FLSA was willful, as Defendants knew or demonstrated reckless disregard as to whether they were required to pay Plaintiffs and the SSPs at an overtime premium at the employees' regular rate of pay for all hours worked in a workweek in excess of 40.

45. Accordingly, Plaintiff and the SSPs were required to work more than 40 hours per week without proper overtime compensation. As a result, Plaintiff and the SSPs have been damaged.

## COUNT II
### OMFWSA R.C. 4111, *et seq*. - Failure to Pay Overtime

46. All of the preceding paragraphs are realleged as if fully rewritten herein.

47. This claim is brought under Ohio law.

48. Defendants knowing failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per workweek was a violation of Section 4111.03 of the Ohio Revised Code.

49. For the Defendants' violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys' fees, and all other remedies available under Ohio law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff is entitled to and prays for the following relief:

A. As to Count I, certification as a collective action to all SSPs and appointment of Plaintiff and her counsel to represent the FLSA Class; enter an order directing Defendants to pay into a common fund for the benefit of Plaintiff and all other members of the FLSA Class the total amount of damages to which Plaintiff and the class are entitled, including unpaid wages, unpaid overtime, liquidated damages, pre-judgment and post-judgment interest, costs and expenses of the litigation and administration of the common fund, and attorney's fees; injunctive relief for Defendants to cease violations of the FLSA; and such other or additional relief deemed appropriate by the Court and available under the FLSA.

B. As to Count II, the total amount of damages to which Plaintiff is entitled, including unpaid overtime, liquidated/treble/statutory damages, pre-judgment and post-judgment interest, costs of the litigation, attorneys' fees, injunctive relief for Defendant to cease violations of the Ohio Minimum Fair Wage Standards Act, and such other or additional relief deemed appropriate by the Court.

C. Such other legal and equitable relief as this Court deems appropriate.

Respectfully submitted,

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)
(Greg@MansellLawLLC.com*)*
Carrie J. Dyer (0090539)
(Carrie@MansellLawLLC.com)
Kyle T. Anderson (0097806)
(Kyle@MansellLawLLC.com
**Mansell Law, LLC**
1457 S. High St.
Columbus, OH 43207
Ph: 614-610-4134
Fax: 614-547-3614
*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiffs hereby requests a jury of at least eight (8) person

/s/ *Greg R. Mansell*
Greg R. Mansell (0085197)