### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**DESIREE JUSTUS,**

              **Plaintiff,**        **:**

    **v.**                               **Case No. 2:21-cv-2270**
                                       **Judge Sarah D. Morrison**
                                     **Magistrate Judge Kimberly A.**
                                     **Jolson**

**NINA'S HEALTH CARE**
**SERVICES, LLC,** *et al.*,        **:**

              **Defendants.**

### OPINION AND ORDER

This matter is before the Court on the parties' Joint Motion for Approval of Settlement. (Jt. Mot., ECF No. 8.) For the reasons set forth below, the Joint Motion is **DENIED** without prejudice.

### I.    BACKGROUND

On May 4, 2021, Plaintiff Desiree Justus filed her Complaint under § 216(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, alleging that Defendants failed to pay her overtime compensation at a rate of 1.5 times her regular rate of pay for all hours worked over 40 each workweek, in violation of the FLSA and the Ohio Minimum Fair Wage Standards Act, Ohio Rev. Code § 4111.03, *et seq*. (ECF No. 1.)

In their Joint Motion, the parties purport to have reached an agreement resolving Ms. Justus's claims. According to the Settlement and Release attached to the Joint Motion (ECF No. 8-1), Defendants would pay a total of $6,774.93,

including $2,500.00 to Ms. Justus for unpaid back wages and liquidated damages, and $4,274.93 to Ms. Justus's counsel for attorney's fees and costs. (*Id.*, 3.)

## II.    STANDARD OF REVIEW

As noted above, this action is brought under 29 U.S.C. § 216(b). Section 216(b) provides, in relevant part, as follows:

> The court in [an action to recover unpaid minimum wages or unpaid overtime compensation] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action.

In other words, the case "cannot be settled without court approval." *Crawford v. Lexington-Fayette Urban Cty. Gov't*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). A district court should approve a proposed settlement of FLSA claims if it finds the settlement to be "a fair and reasonable resolution of a *bona fide* dispute between the parties." *Osman v. Grube, Inc.*, No. 3:16-cv-00802-JJH, 2018 WL 2095172, at *2 (N.D. Ohio May 4, 2018) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352–54 (11th Cir. 1982)). *See also Crawford*, 2008 WL 4724499, at *3 (listing factors to consider in determining whether a proposed settlement is fair and reasonable).

Where a settlement agreement proposes an award of attorney's fees, such fees must also be reasonable. *See* 29 U.S.C. § 216(b). *See also Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 894 (1984)). "A reasonable fee is one that is adequate to attract competent counsel, but does not produce windfalls to attorneys." *Reed*, 179 F.3d at 471 (quoting *Blum*, 465 U.S. at 897 (1984)) (internal quotation marks, alterations, and citations omitted). "The

2

starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." *Gonter v. Hunt Valve Co., Inc.*, 510 F.3d 610, 616 (6th Cir. 2007) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The party seeking attorney's fees bears the burden of demonstrating the reasonableness of the hours billed and the hourly rates applied. *Id.* at 617 (citing *Reed*, 179 F.3d at 472). *See also Van Horn v. Nationwide Prop. & Cas. Ins. Co.*, 436 F. App'x 496, 498 (6th Cir. 2011). "When determining a reasonable hourly rate, 'courts use as a guideline the prevailing market rate . . . that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *Van Horn*, 436 F. App'x at 498–99 (quoting *Gonter*, 510 F.3d at 618).

## III.  ANALYSIS

The Court is presently unable to fulfill its obligation of determining the reasonableness of the Settlement and Release's award of attorney's fees and costs, and so declines to engage in analysis of the other factors at this time.

The Joint Motion states that "the [p]arties stipulate that $4,274.93 represents a fair and reasonable amount for Plaintiff's attorneys' fees and costs[.]" But that is a determination for the Court to make. The parties have provided no basis for the proposed award, and no means by which the Court may determine its reasonableness. The parties did not proffer any evidence of the hours expended by Ms. Justus's counsel, their hourly rate, or the prevailing market rate for the work performed—be it bar association surveys, sworn declarations of peer attorneys practicing in the same field and geographic region, cases in which this or any other

3

court has approved awards derived from similar hourly rates, or otherwise. *See, e.g.,*
*Crawford*, 2008 WL 4724499, at *13; *B & G Mining, Inc. v. Dir., Office of Workers'*
*Comp. Programs*, 522 F.3d 657, 664 (6th Cir. 2008). As such, the Court has no
choice but to deny the Joint Motion.

## IV. CONCLUSION

On the information provided in the Joint Motion, the Court is unable to
determine whether the award of attorney's fees and costs is reasonable.
Accordingly, the Joint Motion (ECF No. 8) is **DENIED** without prejudice to refiling.


**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**